UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC RAEDEKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-1092 SPM |
| | ) |
| RONDA PASH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

Petitioner pled guilty to four counts of stealing a motor vehicle and two counts of burglary in the second degree on December 8, 2014. The Circuit Court for the City of St. Louis sentenced petitioner to 120 days of Shock Incarceration on December 10, 2014, pursuant to Mo.Rev.Stat. § 559.115. The Court suspended imposing ("SIS") petitioner's original seven year sentence of imprisonment at that time. Petitioner did not file a direct appeal.

After petitioner finished his 120-day shock incarceration, the Missouri Office of Probation and Parole recommended that petitioner be sentenced to his original seven-year sentence. On March 10, 2015, petitioner was sentenced to seven years in the Missouri Department of Corrections. Petitioner again failed to appeal his sentence.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one year statute of limitations in Missouri began to run ten days from the date petitioner's sentence was imposed on December 8, 2014. *See* Mo.Sup.Ct.R. 30.01, 80.04. Petitioner filed his petition by dropping his application for habeas corpus in the mail on May 30, 2016. Because petitioner's application for habeas corpus was due to this Court no later than December 15, 2015, his habeas appears to be barred by the statute of limitations.

As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 9th day of September, 2016.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE