UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC RAEDEKE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-1092 SPM |
| | ) |
| RONDA PASH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of this matter. Petitioner was ordered to show cause on September 9, 2016, as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred. Petitioner has failed to respond to the Court's Order, despite having ample time to do so. Having carefully reviewed this matter, the Court concludes that the instant action is time-barred under 28 U.S.C. § 2244. As a result, this case will be dismissed.

**Background**

Petitioner pled guilty to four counts of stealing a motor vehicle and two counts of burglary in the second degree on December 8, 2014. The Circuit Court for the City of St. Louis sentenced petitioner to 120 days of Shock Incarceration on December 10, 2014, pursuant to Mo.Rev.Stat. § 559.115. The Court suspended imposing ("SIS") petitioner's original seven year sentence of imprisonment at that time. Petitioner did not file a direct appeal.

After petitioner finished his 120-day shock incarceration, the Missouri Office of Probation and Parole recommended that petitioner be sentenced to his original seven-year sentence. On

March 10, 2015, petitioner was sentenced to seven years in the Missouri Department of Corrections. Petitioner again failed to appeal his sentence.

## Legal Standard

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

The one year statute of limitations in Missouri began to run ten days from the date petitioner's sentence was imposed on December 8, 2014. *See* Mo.Sup.Ct.R. 30.01, 80.04. Petitioner filed his petition by dropping his application for habeas corpus in the mail on May 30, 2016. Because petitioner's application for habeas corpus was due to this Court no later than

December 15, 2015, his habeas is barred by the statute of limitations and will be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS TIME-BARRED**. *See* Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order

Dated this 27th day of October, 2016.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE